IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  DISTRICT  OF  OREGON

WILLOW FARMS, LLC, a                          2:15-CV-01862-BR
Washington limited liability
company,                                      OPINION AND ORDER

       Plaintiff,

v.

AWCC WCW HOLDINGS, LLC, a
Delaware limited liability
company; AG LAND PROPERTY
MANAGEMENT I, LLC, a Delaware
limited liability company;
and HA WILLOW CREEK CAPITAL
LLC,

       Defendants.


JOSEPH W. CARLISLE
Zupancic Rathbone Law Group, P.C.
4949 Meadows Road
Suite 600
Lake Oswego, OR 97035
(503) 968-8200

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**JOHN C. ROTHERMICH**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204
(503) 228-3939

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion (#34) for Attorney Fees.  For the reasons that follow, the Court **DENIES** Defendants' Motion.


<u>**BACKGROUND**</u>

      On October 2, 2015, Plaintiff Willow Farms, LLC, filed a Declaratory Judgment action in this Court against Defendants AWCC WCW Holdings, LLC (AWCC), and Ag Land Property Management I, LLC, in which it sought declarations and injunctive relief related to Plaintiff's right to prepay a loan entered into by nonparty Willow Creek Windpower, LLC, and Ag Land.

      On November 11, 2015, Plaintiff filed a First Amended Complaint to add Willow Creek Capital, LLC (WCC), as a Defendant. In its First Amended Complaint Plaintiff sought a number of declarations and injunctive relief pertaining to prepayment of the loan.

      On November 25, 2015, Defendants filed a Motion to Dismiss.

      On May 6, 2016, the Court entered an Opinion and Order in

2 - OPINION AND ORDER

which it granted Defendants' Motion to Dismiss on the ground that
the matter did not present an actual case or controversy, and,
therefore, the Court lacked subject-matter jurisdiction.  The
Court entered a Judgment on May 6, 2016, dismissing the matter
without prejudice.

On May 20, 2016, Defendants filed a Motion for Attorney
Fees.  The Court took the matter under advisement on June 21,
2016.


## **DISCUSSION**

Defendants move for attorneys' fees pursuant to Oregon
Revised Statute § 20.096 and the provision for attorneys' fees in
the loan documents.  Plaintiff asserts the Court should deny
Defendants' Motion on the ground that the Court lacks
jurisdiction to award attorneys' fees because the Court dismissed
the underlying action for lack of subject-matter jurisdiction.

Federal courts apply state law when determining whether to
award attorneys' fees in an action on a contract.  *See, e.g.,*
*Ford v. Baroff*, 105 F.3d 439, 442 (9th Cir. 1997).  Oregon
Revised Statute § 20.096(1) provides:

> In any action . . . in which a claim is made based
> on a contract that specifically provides that
> attorney fees and costs incurred to enforce the
> provisions of the contract shall be awarded to one
> of the parties, the party that prevails on the
> claim shall be entitled to reasonable attorney
> fees.

3 - OPINION AND ORDER

"As a preliminary matter, [however,] the court must determine whether it has jurisdiction to determine this motion [for attorneys' fees] given that the action has been dismissed for lack of subject matter jurisdiction." *Russell City Energy Co., LLC v. City of Hayward*, No. C-14-03102 JSW (DMR), 2015 WL 983858, at *2 (N.D. Cal. Feb. 17, 2015). *See also Doan v. Singh*, No. 1:13-cv-00531-LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal. Oct. 18, 2013)("'Before this Court may reach whether Defendants are prevailing parties . . ., this Court must determine whether it has jurisdiction to evaluate a request for an award of attorneys' fees at all.'" (quoting *Skaaning v. Sorensen*, 679 F. Supp. 2d 1220, 1222-23 (D. Haw. 2010)).

In *Latch v. United States* the Ninth Circuit reversed the district court's award of attorneys' fees to the plaintiffs arising from their tax-abatement action on the ground that "since the district court lacked jurisdiction to entertain the tax claim, it had no authority to award attorney's fees." 842 F.2d 1031, 1033 (9th Cir. 1988). In *Smith v. Brady* the Ninth Circuit again noted the rule that "if the district court lacked jurisdiction over the underlying suit, it had no authority to award attorney's fees." 972 F.2d 1095, 1097 (9th Cir. 1992) (quotation omitted). In *Branson v. Nott* the Ninth Circuit held defendants could not request attorneys' fees under 42 U.S.C. § 1988 because the district court lacked subject-matter

jurisdiction over the civil-rights complaint.  62 F.3d 287, 292-93 (9th Cir. 1995).  In the case of *In re Knight* the Ninth Circuit held "the court had no authority to apply the fee-shifting provision of ERISA" because the lower court had dismissed the ERISA claims as being outside of its bankruptcy jurisdiction.  207 F.3d 1115, 1117 (9th Cir. 2000).

Defendants, however, rely on *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000), to support their assertion that the Court has jurisdiction to determine Defendants' Motion.  In *Kona* the Ninth Circuit held "a district court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law, despite a dismissal of the action for lack of subject matter jurisdiction."  *Id*. at 887-88.  Although *Kona* was decided after *Latch, Smith*, and *Branson*, the *Kona* court did not mention or distinguish those cases.  As a result, several district courts in the Ninth Circuit have declined to consider *Kona* as binding on this point.  *See, e.g., Archer v. Silver State Helicopters, LLC*, No. 06CV1229 JAH(RBB), 2007 WL 4258237, at *2-*3 (S.D. Cal. Dec. 3, 2007) ("Absent an intervening Supreme Court decision, a Ninth Circuit panel must follow Ninth Circuit precedent unless such precedent is distinguished; precedent may only be overruled by the Ninth Circuit sitting *en banc* . . . .  Because one panel cannot overrule another, and because *Kona Enterprises* failed to

5 - OPINION AND ORDER

distinguish what appears to be controlling authority, this Court concludes it would be inappropriate to follow *Kona*."); *Skaaning*, 679 F. Supp. 2d at 1224-25("The *Kona Enterprises* panel, which was not sitting *en banc*, did not, and indeed could not, overrule [*Latch, Smith*, and *Branson*]. . . . [T]o the extent that the *Kona Enterprises* panel's statement on this narrow issue is contrary to prior established precedent as well as subsequent Ninth Circuit case law, *Kona Enterprises* does not control this Court's determination."); *Doan*, 2013 WL 5718720, at *3-*4 (concluding the court lacked jurisdiction to evaluate the defendants' request for attorneys' fees pursuant to California Civil Code because it dismissed the plaintiff's underlying claims for lack of subject-matter jurisdiction and also concluding *Kona* "should be limited to its facts . . . . if not disregarded entirely."); *Russell*, 2015 WL 983858, at *3 ("*Kona* was decided after *Latch, Smith* and *Branson* [and] did not . . . distinguish those cases. . . . The court . . . declines to follow *Kona* here).  In addition, a review of Ninth Circuit case law establishes *Kona* has not been cited for that particular statement of the law in any published Ninth Circuit case.

In addition, the Ninth Circuit explicitly held after *Kona* in *Skaff v. Meridien North American Beverly Hills, LLC* that a "court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."  506 F.3d 832, 837 (9th Cir.

2007).  In *Skaff* the district court held, among other things, that the plaintiff did not have standing to pursue his claims, and, therefore, the court did not have the authority to award attorneys' fees.  *Id*. at 836-37.  Although the Ninth Circuit disagreed with the district court's conclusion that the plaintiff did not have standing, the Ninth Circuit (relying on *Latch, Smith*, and *Branson*) agreed with the principle that the absence of jurisdiction deprives a court of the authority to award attorneys' fees.  *Id.*  The court did not cite *Kona.*

The Court finds the reasoning of *Archer, Skaaning*, *Doan,* and *Russell* to be persuasive and adopts that reasoning here.  The Court, therefore, concludes *Kona* is not binding authority and declines to follow it.

Even if *Kona* was binding authority, however, it is distinguishable.  In *Kona* the underlying diversity action was brought in the district court in 1994.  The district court dismissed the plaintiffs' first amended complaint for lack of standing and granted the plaintiffs leave to file a second amended complaint.  229 F.3d at 881.  The plaintiffs then filed a second amended complaint alleging several state-law claims.  The defendants moved to dismiss the second amended complaint on the ground of incomplete diversity.  The court granted the defendants' motion, dismissed the matter with prejudice, and entered a judgment in favor of the defendants.  *Id*. at 882.  The

plaintiff appealed, and the Ninth Circuit vacated the judgment, reversed the dismissal, and remanded the matter to the district court for further proceedings.  The defendants filed another motion to dismiss the case in the district court.  The district court granted the defendants' motion to dismiss for lack of standing.  The defendants then moved for attorneys' fees and costs.  The district court granted the defendants' motion and awarded attorneys' fees and costs to the defendants.  The plaintiffs appealed.  The Ninth Circuit panel affirmed the award of attorneys' fees specifically noting the district court had "dismissed plaintiffs' action with prejudice and entered a judgment for the defendants" in its second dismissal.  *Id*. at 887.  Thus, the defendants were "prevailing parties," and the district court, therefore, had jurisdiction to award attorneys' fees.

As the court explained in *Skaaning*, the *Kona* holding is distinguishable because in *Kona* "diversity was cured and [the district court] had apparent jurisdiction at the outset to further evaluate the parties' claims.  Here, this Court continues to not have jurisdiction."  679 F. Supp. 2d. at 1224.  In *Skaaf* the Ninth Circuit made clear that a "court that lacks jurisdiction *at the outset of a case* lacks the authority to award attorneys' fees."  506 F.3d at 837 (emphasis added).  This Court did not have jurisdiction over this matter at the outset and

continues to lack jurisdiction because this matter is not ripe and does not present an actual case or controversy. To the extent, therefore, that *Kona* is binding authority, it is distinguishable.

The Court adopts the reasoning of the Ninth Circuit set out in *Latch, Smith*, *Branson,* and *Skaaf* and concludes it lacks jurisdiction to determine Defendants' Motion for Attorneys' Fees because this Court lacked subject-matter jurisdiction at the outset of this case.

Accordingly, the Court denies Defendants' Motion for Attorneys' Fees.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (#34) for Attorney Fees.

IT IS SO ORDERED.

DATED this 2nd day of August, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER